IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD VAN HOLT, | ) |
| | )  Civil Action No. 05-1718 |
|    Plaintiff, | ) |
| | )  Judge David S. Cercone |
|         v. | )  Magistrate Judge Lenihan |
| | ) |
| RAMONE RUSTIN; DANA PHILLIPS; | ) |
| and ARAMARK, | ) |
| | ) |
|    Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.  **RECOMMENDATION**

It is respectfully recommended that the Complaint in the above-captioned case be dismissed based upon Plaintiff's failure to prosecute this action.

**II. REPORT**

Plaintiff, Richard Van Holt, a prisoner previously confined at the Allegheny County Jail, commenced this action pursuant to the provisions of the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Section 1983). Named as Defendants are: Ramone Rustin, Warden; Dana Phillips, Medical Director; and Aramark.

Plaintiff filed his Complaint in this action on December 14, 2005. On May 31, 2006, this Court issued an Order directing that Plaintiff either pay the $250.00 filing fee or file a Motion to Proceed In Forma Pauperis and provide a certified accounting statement signed by the records officer at the prison no later than June 21, 2006 (dkt. no. 4). The Order further advised

1

Plaintiff that his failure to pay the filing fee or submit the motion by June 21, 2006, would result in a recommendation to the District Judge that this action be dismissed for failure to prosecute. To date, Plaintiff has failed to do anything to actively prosecute his action.

A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute the action. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

> (1) the extent of the party's personal responsibility;
>
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
>
> (3) a history of dilatoriness;
>
> (4) whether the conduct of the party or the attorney was willful or in bad faith;
>
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
>
> (6) the meritoriousness of the claim or defense.

Although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the

right to proceed with or defend against a claim); <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether it should dismiss the Complaint based on the Plaintiff's failure to prosecute.

Plaintiff is proceeding *pro se* in this action. Thus, all actions must be attributable to him as he has no counsel upon which he is relying to proceed to prosecute his case. Accordingly, under the first factor, it appears that Plaintiff personally is responsible for the failure to provide service instructions in order to effectuate service of his Complaint. With respect to the second factor, there appears to be no specific prejudice to Defendants other than general delay. With respect to the third factor, Plaintiff has shown dilatoriness in proceeding with his action. With respect to the fourth factor, this Court cannot determine whether the conduct of the Plaintiff was willful or in bad faith. The fifth factor to consider is the effectiveness of sanctions other than dismissal. It does not appear that monetary sanctions are appropriate. Finally, it does not appear from Plaintiff's allegations that he has a high likelihood to prevail under 42 U.S.C. § 1983.

**III.    CONCLUSION**

The analysis of the six factors as applied to the facts before this Court reveals that the Complaint in this action should be dismissed based on Plaintiff's failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

    s/Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

Dated: July 24, 2006

cc: The Honorable David S. Cercone
    United States District Judge

    Richard Van Holt
    #31278
    Allegheny County Jail
    950 Second Avenue
    Pittsburgh, PA 15219